```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | |
|---|---|
| ANGIE J. LEE,                * | |
|   Plaintiff,                 * | |
| vs.                          * | CASE NO. 4:23-cv-69 (CDL) |
| ROLLIN HILLS, *et al.*,      * | |
|   Defendants.                * | |

O R D E R

Pro se Plaintiff Angie Lee asks the undersigned to recuse and reassign this action to another judge. She does not clearly state the basis for her request in her motion, but she seems to question the undersigned's impartiality because of previous adverse rulings in two unrelated actions. *See Lee v. Wal-Mart Stores, Inc.*, No. 4:13-CV-25 CDL (M.D. Ga. May 28, 2013); *Lee v. Wal-Mart Stores, Inc.*, No. 4:13-CV-305 CDL, 2013 WL 5555587, at *1 (M.D. Ga. Oct. 8, 2013).

The applicable recusal statute requires disqualification if the judge's "impartiality might reasonably be questioned" or if "he has a personal bias or prejudice" for or against a party. 28 U.S.C. § 455(a)-(b)(1). But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff points to

no act beyond these adverse rulings to support her contention of partiality, bias, or prejudice against her.

"Reassignment is a severe remedy, which is only appropriate where the trial judge has engaged in conduct that gives rise to the appearance of impropriety or a lack of impartiality in the mind of a reasonable member of the public." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1272 (11th Cir. 2021) (internal quotation marks and citation omitted).  Ruling against Plaintiff nearly a decade ago certainly does not rise to that level.  Thus, the Court denies her motion to recuse and reassign the action.

IT IS SO ORDERED, this 12th day of May, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA