IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANGIE JOYCE LEE, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:23-CV-69 (CDL) |
| ROLLING HILLS, LLC, *et al.*, | * | |
| Defendants. | * | |

O R D E R

Angie Lee filed this pro se action against her former employer, Rolling Hills, LLC, and three Rolling Hills employees. She claims that Defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 to 12117. Presently pending before the Court is Defendants' amended motion to dismiss Lee's complaint for failure to state a claim under the ADA. To state a disability discrimination claim under the ADA, "a plaintiff must allege sufficient facts to plausibly suggest" that she suffers from a disability, is a "qualified individual" and that a "covered entity" discriminated against her because of her disability. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Here, Lee makes conclusory allegations, by checking the boxes on the pro se employment discrimination complaint form, that she was discriminated against because of a disability on February 28, 2022

and May 18, 2022.  The complaint does not, however, contain any specific factual allegations about what happened, whether Lee was a "qualified individual" who could perform the essential functions of her job, or what actions Rolling Hills took that were discriminatory.  Thus, the complaint as drafted fails to state a claim.[1]

The Court recognizes that Lee is pro se.  In general, if a "more carefully drafted complaint might state a claim," the Court may not dismiss an action with prejudice unless it gives a pro se plaintiff at least one chance to amend the complaint.  *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023).  The Court thus gives Lee leave to file an amended complaint.  **Lee must file her amended complaint by January 5, 2024.**  The amended complaint must comply with the Federal Rules of Civil Procedure, and it must state a factual basis for Lee's allegations that she has disability, is a "qualified individual" and that a "covered entity" discriminated against her because of her disability.[2]

---

[1] Rolling Hills also pointed out that Lee did not properly serve Rolling Hills because she did not serve an appropriate corporate official or an authorized agent, but Rolling Hills later executed a waiver of service.
[2] Subchapter I of the ADA prohibits a "covered entity" from discriminating "against a qualified individual on the basis of disability" in regard to the discharge of employment or other terms and conditions of employment.  42 U.S.C. § 12112(a).  A "covered entity means an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2).  Individual defendants "are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA.  *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).

In summary, the Court defers ruling on Defendants' amended motion to dismiss (ECF No. 31) but permits Lee to file an amended complaint that complies with the applicable pleading rules and contains a factual basis for her claims.  If Lee's amended complaint does not comply with the applicable pleading rules or contain a factual basis for her claims, the Court will dismiss this action.  All the other pending motions are terminated as moot.

IT IS SO ORDERED, this 17th day of November, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA